## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JAMES E. BAKER, III,                     )
                                         )
             Plaintiff,                  )
                                         )
v.                                       )    Civil Action No. 3:24-cv-147–HEH
                                         )
MCGUIRE VA VETERANS CENTER, *et al.*,    )
                                         )
             Defendants.                 )

### MEMORANDUM OPINION
**(Granting Motion to Dismiss)**

THIS MATTER is before the Court on Defendants Richmond Veterans Affairs

Medical Center ("RICVAMC"), the Honorable Douglas A. Collins, and Belinda Guyton-

Williams's (collectively "Defendants") Motion to Dismiss (ECF No. 20). The parties

have filed memoranda supporting their respective positions. The Court will dispense

with oral argument because the facts and legal contentions have been adequately

presented to the Court, and oral argument would not aid in the decisional process. *See*

E.D. Va. Loc. R. 7(J). For the following reasons, the Court will grant Defendants'

Motion to Dismiss.

## I. BACKGROUND[1]

On or about July 18, 2021, the RICVAMC hired Plaintiff James E. Baker, III

("Baker" or "Plaintiff") to work in its Surgical Department. (Am. Compl., ECF No. 7.)

---

[1] The facts stated in Plaintiff's proposed Second Amended Complaint (ECF No. 19-5) are
assumed true for the purpose of this Memorandum Opinion. *See Vitol, S.A. v. Primerose
Shipping Co.*, 708 F.3d 527, 547 (4th Cir. 2013).

Plaintiff—a disabled veteran suffering from post-traumatic stress disorder ("PTSD")—was a federal employee at the Center for about ten (10) months. (Compl., Ex. 1 at 15, ECF No. 6-1.) Plaintiff's title was Advanced Medical Support Assistant. (*Id.* at 41.) Plaintiff alleges that on June 10, 2022, he was fired because of his service-related disability and his tumultuous relationship with his superiors, particularly Defendant Belinda Guyton-Williams. (*Id.* at 48.)

This Court previously dismissed Plaintiff's Amended Complaint without prejudice with leave to amend. (*See* Order, ECF No. 18). On April 9, 2025, Plaintiff filed a Motion to Amend with an attached proposed Amended Complaint which Defendants interpreted as Plaintiff's Second Amended Complaint. (ECF No. 19-5; ECF No. 20 at 2). This Court will grant Plaintiff's Motion to Amend (ECF No. 19) and construe Plaintiff's proposed Amended Complaint (ECF No. 19-5) as Plaintiff's Second Amended Complaint ("Second Am. Compl.").

In attachments to his original and Amended Complaints, Plaintiff states Defendants violated the Center's leave policy, committed disability discrimination concerning leave, and engaged in retaliatory harassment. (*See* Am. Compl., Ex. 1 at 14–16.) For example, because of his disability, Plaintiff left work early during a snowstorm and was charged as "absent without leave" in the timekeeping system. (Second Am. Compl., Ex. 5 at 30.) After complaining about this to staff, his leave charge was changed to "leave without pay." (*Id.*) After his termination, Plaintiff returned to the Center for a medical appointment and was accused of trespassing on two (2) separate occasions. (*Id.*

at 3.) Officers asked Plaintiff to leave both times, but Plaintiff was allowed to remain after showing proof of his scheduled medical appointments. (*Id.*)

In his Second Amended Complaint, Plaintiff brings an employment discrimination claim alleging Defendants harassed, retaliated against, and terminated him based on his service-related disabilities. (Second Am. Compl., Ex. 5 at 11–13.) Plaintiff seeks reinstatement to federal civil service with backpay and leave entitlements and compensation for medical complications due to psychological distress. (*Id.* at 14.)

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (internal quotation marks omitted). For a complaint to be sufficient under Rule 12(b)(6), a plaintiff must assert "[f]actual allegations" that are "enough to raise a right to relief above the speculative level" to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). When considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). However, legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts

need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs. of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

When an amended complaint is submitted to the court, the allegations of the first complaint are set aside. *Jeffrey M. Brown Assocs. v. Rockville Ctr., Inc.*, 7 Fed. Appx. 197, 202 (4th Cir. 2001) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). However, exhibits to the first complaint may not be superseded by the amended complaint if the amended complaint "effectively integrates them." *Id.* Here, as in the *Rockville* case, Plaintiff attached exhibits to his first Amended Complaint (ECF No. 7) and omitted them from his Second Amended Complaint (ECF No. 19-5). However, also like the *Rockville* case, Plaintiff references his "Impact Statement" in his Second Amended Complaint. (ECF No. 19-5 at 38–40.) The Court will therefore consider this document attached to his first Amended Complaint in conjunction with the current Motion.

### III. DISCUSSION

In his Second Amended Complaint, Plaintiff bases his employment discrimination claim on the Rehabilitation Act of 1973 ("Rehabilitation Act"), alleging termination from

4

employment, retaliation, and harassment. (Second Am. Compl., Ex. 5 at 11.) The Rehabilitation Act prohibits federal agencies from discriminating against its employees on the bases of disability. *See* 29 U.S.C. § 794.

### a. Employment Discrimination Claim

To state a legally sufficient discrimination claim under the Rehabilitation Act, a plaintiff must allege facts that plausibly show: (1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was discriminated against solely on the basis of his disability. *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995). Looking at the first element, and liberally construing Plaintiff's allegations, he does show he has a disability, alleging he suffers from PTSD. (Second Am. Compl., Ex. 5 at 12, 31.) As to the second element, Plaintiff was hired after he disclosed his disability, and his qualification is not disputed by Defendants. (*Id.* at 3.) However, Plaintiff has failed to satisfy the third element, as he did not allege facts demonstrating he was fired solely by reason of his disability. 29 U.S.C. § 794(a). While Plaintiff concludes he was fired due to his disability, he has presented "nothing more than mere speculation" on that point. *Britt v. DeJoy*, No. 20-1620, 2022 WL 4280495, at *2 (4th Cir. Sept. 14, 2022); *Twombly*, 550 U.S. at 555 (allegations must rise above the speculative level).

### b. Retaliation Claim

To state a retaliation claim, Plaintiff must allege: "(1) engagement in protected activity, such as filing an EEO complaint; (2) the employer took adverse employment action against plaintiff; and (3) a causal connection existed between the protected activity

5

and the adverse action." *Hooven-Lewis v. Caldera*, 249 F.3d 259, 272 (4th Cir. 2001) (citing *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998)). The protected activity alleged here is that Plaintiff filed a harassment complaint with the Equal Employment Opportunity ("EEO") and that he requested a lateral transfer to a new department. (Second Am. Compl., Ex. 5 at 43–44.) The adverse action here, Plaintiff alleges, is that Defendant Guyton-Williams denied his time off during a snowstorm, inserted the wrong leave charge during Plaintiff's medical appointment, and failed to provide Plaintiff a copy of his mid-year evaluation. (*Id.* at 38, 41–45.)

Even though Defendant Guyton-Williams amended Plaintiff's leave charge, denial of Plaintiff's accommodation request, even if adverse, cannot, on its own, constitute a materially adverse action sufficient to sustain a retaliation claim. *Smith v. Wormuth*, No. 1:20-cv-00419-JRR, 2024 WL 1012887, at *11 (D. Md. Mar. 8, 2024) (finding that if denial of a request for accommodation alone could support retaliation claim, then every failure-to-accommodate claim would be doubled). In addition, the Rehabilitation Act requires the adverse action be taken solely on the basis of one's disability. *Keene v. Thompson*, 232 F. Supp. 2d 574 (M.D. N.C. 2002) (citing *Davis v. Univ. of N.C. at Wilmington*, 263 F.3d 95, 99 (4th Cir. 2001)). Plaintiff's Second Amended Complaint does not provide any facts showing that his firing was done solely on the basis of his disability. His conclusory allegation that he was fired due to his disability is not sufficient on its own. (Second Am. Compl., Ex. 5 at 14.) *See Iqbal*, 556 U.S. at 678 (threadbare recitals and conclusory statements are insufficient).

### c. Harassment Claim

Plaintiff's reference to harassment stems from a claim of hostile work environment under the Rehabilitation Act. To establish a claim of hostile work environment, Plaintiff must show that the conduct about which he complains is: (1) unwelcome; (2) resulted because of his disability, or prior protected activity; (3) was sufficiently severe or pervasive to alter the conditions of his employment; and (4) was imputable to his employer. *Bell v. Shulkin*, 709 F. App'x 167, 169–70 (4th Cir. 2017) (quoting *Pueschel v. Peters*, 577 F.3d 558, 564–65 (4th Cir. 2009)). Harassment is sufficiently severe or pervasive to alter the conditions of employment "if a workplace is permeated with discriminatory intimidation, ridicule, and insult." *Pueschel*, 577 F.3d at 564–65. It is not exactly clear what conduct Plaintiff deems to be harassment. The few purportedly unwelcome actions in Plaintiff's Second Amended Complaint occurred over the course of three (3) months. (Second Am. Compl., Ex. 5 at 33–36.) The action of Defendant Guyton-Williams's coding Plaintiff's time off was neither "physically threatening nor humiliating," but instead was a "managerial act[s], exercised in a manner facially supported by nondiscriminatory reasons." *Merrill v. McCarthy*, 184 F. Supp. 3d 221, 249 (quoting *Fordyce v. Prince George's Cty. Md.*, 43 F. Supp. 3d 44, 53 (D.D.C. 2015)). Additionally, Plaintiff acknowledged his overall work performance was not affected, and he received a "Fully Successful" mid-year evaluation. (Second Am. Compl., Ex. 5 at 36.) As the Court explained earlier, Plaintiff claims these actions were taken by Defendants due to his disability but provides no facts along with this conclusory

statement. (*Id.* at 9–10.) Plaintiff has failed to allege facts sufficient for a claim of a hostile work environment. (*Id.* at 14.)

### d. Newest Filing of Complaint

Baker filed another proposed Second Amended Complaint (ECF No. 24) on May 5, 2025. This filing was untimely as it fell outside of the thirty (30) days this Court granted Plaintiff to amend his complaint and he did not seek leave of court. (ECF Nos. 17–18.) In any case, the Court finds that this proposed Second Amended Complaint (ECF No. 24) (1) does not alter the substance of his allegations and (2) does not change the Court's analysis regarding Defendants' Motion to Dismiss. Therefore, the Court will deny the proposed Second Amended Complaint (ECF No. 24) as futile. *See Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) ("Courts may deny leave to amend a pleading if the amendment would have been futile.") (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

### IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss (ECF No. 20) will be granted. Plaintiff's Second Amended Complaint (ECF No. 19-5) is dismissed without prejudice. Furthermore, Plaintiff's proposed Second Amended Complaint (ECF No. 24) is denied. An appropriate Order will accompany this Memorandum Opinion.

Henry E. Hudson
Senior United States District Judge

Date: August 13, 2025
Richmond, Virginia